IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID CODREA<br>75781 Valley View Road<br>Hudson, OH  44236<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES SECRET SERVICE<br>Suite 8300, 950 H Street, NW.<br>Washington, DC 20373-5802<br><br>Defendant. | COMPLAINT<br>(Freedom of Information<br>Act, 5 U.S.C. §552) |

Comes now David Codrea ("Codrea"), by and through undersigned counsel, and allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Plaintiff by Defendant United States Secret Service ("USSS").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 5 U.S.C. §552(a)(4)(B).

3. Venue lies in this district under 28 U.S.C. §1391(e).

## PARTIES

4. Plaintiff David Codrea ("Codrea") is an adult male resident of the state of Ohio and an internet blogger and Second Amendment journalist. In 2011, Codrea was named "Journalist of the Year" by the Second Amendment Foundation for his groundbreaking work exposing the "Fast and Furious" ATF "gunwalking" scandal, and was a co-recipient of Soldier of Fortune Magazine's "2nd Amendment Freedom Fighter Award," and Jews for the Preservation of Firearms Ownership's "David and Goliath Award" for his work on that story. He was also named a 2014 Defender of Liberty by the Second Amendment Foundation.

5. Defendant United States Secret Service is an agency within the meaning of 5 U.S.C. § 552(f). Defendant USSS has possession, custody and control of records to which Plaintiff seeks access. It may be served by serving a copy of the complaint and summons to United States Secret Service, General Counsel, Suite 8300, 950 H Street, NW., Washington, DC 20373-5802. *See* 31 CFR Subtitle A, Pt. 1, Subpt. C, App. D, subsection 6.

## STATEMENT OF FACTS

6. On November 23, 2020, Plaintiff transmitted a Freedom of Information Act ("FOIA") request to Defendant USSS. The FOIA was submitted via email. A true and correct copy of the FOIA is attached as Exhibit "A."

7. Mr. Codrea requested documents from the USSS in response to a story about a handgun "disappearing" from a vehicle owned by Hunter Biden. This issue was reportedly investigated by the USSS and Bureau of Alcohol, Tobacco, Firearms and Explosives.

8. Plaintiff's FOIA requested the following:

- copies of law enforcement and administrative reports, communications, correspondence, and work papers, including with internal State of Delaware DOJ, the Delaware State Police, any local law enforcement and any relevant federal agencies including ATF and the United States Secret Service. This includes any case handling instructions from overseeing administrative authorities and/or agencies that would explain why over two years later, there has still been no public report or explanation as to the way the case has been resolved and why.

9. After submitting the FOIA, the USSS provided an acknowledgement letter to undersigned and requested additional information regarding a fee waiver.

10. Mr. Codrea responded on November 27, 2020 with additional information. See Exhibit "B".

11. On January 27, 2021, the USSS sent a "final response" advising that "no records were located." See Exhibit "C".

12. On March 26, 2021, Codrea appealed. See Exhibit "D".

13. To date, no response has been received by the USSS in violation of 5 U.S.C. § 552(a)(6)(A)(ii) which mandates a response by the agency within

twenty (20) business days of the appeal.  Because the USSS failed to respond timely, Codrea's administrative remedies are deemed exhausted.  *See* § 552(a)(6)(C)(i).

14. As of the date of this Complaint, USSS has failed to: (i) to fully comply with Plaintiff's FOIA request; (ii) to respond to Plaintiff's appeal and (iii) produce all the requested records or otherwise demonstrate that the requested records are exempt from production.

15. If no records exist, the USSS should be compelled to explain why no records exist if it was involved with the issue of Hunter Biden's missing firearm, including but not limited to discovery on the issue if necessary.

## COUNT I
## (Violation of FOIA,  5 U.S.C. §552 Against USSS)

16. Plaintiff realleges the preceding paragraphs as if fully stated herein.

17. Defendant USSS is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. §552.

18.  Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA request, and Plaintiff will continue to be irreparably harmed unless Defendant USSS is compelled to conform their conduct to the requirements of the law.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

(1) Order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

(2) Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request, and a *Vaughn* index of any responsive records withheld under claim of exemption; or in the alternative, Order the USSS to explain why no records exist;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(4) Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and

(5) Grant Plaintiff such other relief as the Court deems just and proper.

Dated: April 29, 2021.

                Respectfully Submitted,
                DAVID CODREA

                **/s/ *Stephen D. Stamboulieh***
                Stephen D. Stamboulieh
                Stamboulieh Law, PLLC
                P.O. Box 428
                Olive Branch, MS  38654
                (601) 852-3440
                stephen@sdslaw.us
                DC District Court Bar# MS0009
                *Counsel for Plaintiff*